1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | MOHAMMED IDDRISU,

12 |             Petitioner,

13 |     v.

14 | JOHN F. KELLY, et al.,

15 |             Respondents.

Case No. SA CV 17-00038 AFM

**ORDER DENYING HABEAS PETITION (28 U.S.C. § 2241) AND DISMISSING ACTION WITHOUT PREJUDICE**

16
17
18

**INTRODUCTION**

19      On January 9, 2017, petitioner filed a Petition for Writ of Habeas Corpus by

20 a Person in Federal Custody (28 U.S.C. § 2241).  Petitioner, a detainee at the Theo

21 Lacy Facility in Orange, California, has been detained since March 2016 pending

22 his removal from the United States.  In his sole ground for federal habeas relief,

23 petitioner claims that he should be released from detention with reasonable

24 conditions because there is no significant likelihood of removal in the reasonably

25 foreseeable future.

26      The parties have consented to the jurisdiction of the undersigned Magistrate

27 Judge under 28 U.S.C. § 636(c).  As discussed below, the Petition is denied.

28 However, the dismissal of this action is without prejudice to petitioner refiling a

1  habeas petition in this Court if it later appears that removal is no longer reasonably
2  foreseeable.

3
4                                    **BACKGROUND**

5        Petitioner is a native and citizen of Ghana.  On September 16, 2015,
6  petitioner applied for admission to the United States without valid documentation at
7  the San Ysidro Port of Entry in San Diego, California.  (ECF No. 8-1 at 2.)  He was
8  processed for expedited removal, and was taken into the custody of Immigration
9  and Customs Enforcement ("ICE") on September 25, 2016.  (*Id.*)  An immigration
10  judge issued an order of removal that became final on March 28, 2016.  (*Id.*)
11  Petitioner remains in detention since that date.

12        On January 9, 2017, petitioner filed this Petition because he had been
13  detained for more than six months since his removal order became final on
14  March 28, 2016.  (ECF No. 1.)  Petitioner's claim is based on *Zadvydas v. Davis*,
15  533 U.S. 678, 701 (2001), in which the Supreme Court held that a presumptively
16  reasonable period of detention in order to effectuate removal from the United States
17  was six months.

18        On February 9, 2017, respondent filed an Answer which included a
19  declaration by David Scarberry, a deportation officer familiar with petitioner's case.
20  (ECF No. 8.)  According to Officer Scarberry's initial declaration, on January 26,
21  2017, officials for ICE requested an interview of petitioner (and others) for travel
22  documents to Ghana, and the Consulate General of Ghana committed to conducting
23  the interviews within 30 days.  (ECF No. 8-1 at 2.)

24        On March 6, 2017, petitioner filed a Reply stating, in part, that relief should
25  be granted because there had been no definitive answer from the target country after
26  several months as to whether it would issue travel documents.  (ECF No. 10 at 5.)

27        On March 9, 2017, the Court ordered respondent to file an updated statement.
28  On March 23, 2017, respondent filed a statement which included a second

declaration by Officer Scarberry.  (ECF No. 13.)  According to that declaration, the Consul General of Ghana advised by an email dated on March 14, 2017, that a travel document for petitioner would be issued within a month.  (ECF No. 13-1 at 2.)  Once the travel document is issued, according to Officer Scarberry, removal should take place in about a month.  (*Id.*)

## DISCUSSION

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."  During the removal period, the alien must be detained. 8 U.S.C. § 1231(a)(2).  Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Here, it is undisputed that under subsection (i), the removal period in this case began on March 28, 2016, when petitioner's order of removal became administratively final.

"If the alien is not removed during the removal period, continued detention is authorized, in the discretion of the Attorney General, by § 1231(a)(6)."  *Diouf v. Napolitano*, 634 F.3d 1081, 1085 (9th Cir. 2011).  This provision authorizes detention beyond the 90-day removal for an *inadmissible* or criminal alien, or one whom the Attorney General has determined will be a risk to the community or

unlikely to comply with the order of removal. *See* 8 U.S.C. § 1231(a)(6). Here, petitioner is inadmissible because, according to Officer Scarberry's declaration, petitioner applied for admission without valid documentation. *See* U.S.C. § 1182(a)(7) (aliens lacking a valid entry document are inadmissible). Petitioner does not dispute his inadmissibility, and thus does not dispute his detention beyond the initial 90-day removal period for a reasonable period while the government effectuates his removal.

In *Zadvydas*, 533 U.S. at 701, the Supreme Court held that the government had the authority under § 1231(a)(6) to detain aliens for a "presumptively reasonable period" of six months. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Based on Officer Scarberry's declaration that on March 14, 2017, the Consul General of Ghana affirmatively stated it would issue a travel document for petitioner within a month, petitioner has not met his initial burden under *Zadvydas*. Where the evidence shows that the target country has granted (or is merely reviewing or processing) an application for travel documents, federal habeas courts have repeatedly found that an alien has failed to provide a good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. *See, e.g., Mulla v. Adducci*, 178 F. Supp. 3d 573, 576 (E.D. Mich. 2016); *Jiang Lu v. U.S. ICE*, 22 F. Supp. 2d 839, 844 (N.D. Ohio 2014); *Fofana v. Holder*, 947 F. Supp. 2d 329, 334 (W.D.N.Y. 2013); *Kassama v. DHS*, 553 F. Supp. 2d 301, 306-07 (W.D.N.Y. 2008); *see also Jaiteh v. Gonzales*, 2008 WL 2097592, at *3 (D. Minn. 2008) (where a country "is acting on an application for travel documents, most courts conclude the alien fails to show no significant likelihood of removal") (citing *Khan v. Gonzales*, 481 F. Supp. 2d 638, 642 (W.D. Tex. 2006); *Nma v. Ridge*, 286 F. Supp. 2d 469, 474-75 (E.D. Pa. 2003); *Khan v. Fasano*, 194 F. Supp.

2d 1134, 1136-37 (C.D. Cal. 2001); and *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366-67 (N.D. Ga. 2002)).  Petitioner therefore is not entitled to federal habeas relief for his claim that his continued detention pending his removal from the United States is unreasonable.

Finally, although petitioner cannot currently meet his initial burden of showing no significant likelihood of his removal in the reasonably foreseeable future, this does not mean that his circumstances cannot change.  This action is dismissed without prejudice to petitioner filing another habeas petition if it later appears that his removal is no longer reasonably foreseeable.  *See Mulla*, 178 F. Supp. 3d at 576; *Fofana*, 947 F. Supp. 2d at 335; *Kassama*, 553 F. Supp. 2d at 307.

## ORDER

It therefore is ordered that the Petition is denied and that this action is dismissed without prejudice.

DATED: March 27, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

5